IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRACY L. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:14-cv-664 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Tracy L. Patterson ("Patterson") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act").[1] 42 U.S.C. §§ 401–433, 1381–1383f. Patterson argues that the Administrative Law Judge ("ALJ") erred by adopting the testimony of the vocational expert ("VE") from a previous hearing. Patterson also alleges that the ALJ erred by: (1) improperly discounting the opinion of Patterson's treating physician; (2) failing to properly consider a reviewing source opinion; and (3) giving great weight to his previous decision dated October 28, 2011. I agree that the ALJ erred by adopting the testimony of the VE from a previous hearing. Accordingly, I **GRANT IN PART** Patterson's Motion for Summary Judgment (Dkt. No. 14), **DENY** the Commissioner's Motion for Summary Judgment (Dkt. No. 16), and **REVERSE AND REMAND** this case for further administrative proceedings consistent with this Opinion.

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

1

**STANDARD OF REVIEW**

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Patterson failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**CLAIM HISTORY**

This represents Patterson's third application for SSI and DIB benefits. She initially filed for disability on June 12, 2007, which application was denied in an unfavorable decision at the hearing level on June 25, 2009 by ALJ Geraldine Page. R. 67–80. Patterson's second application likewise was denied at the hearing level in an unfavorable decision by ALJ Richard Scrutton. R. 85–98. Patterson protectively filed this her third attempt for SSI and DIB on December 15, 2011, claiming that her disability began on October 29, 2011, due to chronic kidney disease, bipolar disorder, depression, anxiety, degenerative disc disease of the cervical and lumbar spine, osteoarthritis, diabetes, fibromyalgia, schizophrenia, nerve damage in her right leg, high blood pressure, and high cholesterol. R. 232–339, 256. Patterson's date last insured was September 30, 2013. R. 12. Thus, she must show that her disability began on or before September 30, 2013 and

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). The state agency denied Patterson's applications at the initial and reconsideration levels of administrative review. R. 106–16, 118–29, 132–43, 144–55. On July 23, 2013, ALJ Joseph T. Scruton held a hearing to consider Patterson's claims for DIB and SSI. R. 29–63. Counsel represented Patterson at the hearing, which included testimony from VE Robert Jackson.

On October 11, 2013, the ALJ entered his decision analyzing Patterson's claim under the familiar five-step process[3] and denying her claim for benefits. R. 11–24. The ALJ found that Patterson was insured at the time of the alleged disability onset and that she suffered from the severe impairments of degenerative disc disease of the lumbar spine with mild to moderate stenosis and spondylosis, obesity, fibromyalgia, orthopedic disorders most prominent in the knee, right leg, and right hip, diabetes mellitus, history of kidney disease/diabetic nephropathy, asthma, and depression NOS (not otherwise specified). R. 14. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 14. The ALJ concluded that Patterson retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. R. 16. Specifically, the ALJ found that Patterson must avoid kneeling, climbing ladders, and crawling, that she can occasionally crouch and stoop, but can seldom climb stairs. Id. Patterson will also require work allowing for in-place

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

3

position shifts while seated and not requiring standing/walking more than 30 minutes at any one time without a 15-minute period of sitting. Id. Additionally, Patterson must use a cane for most of the time when she is standing, and should avoid concentrated exposure to pulmonary irritants, such as dust, odors, or gases. Finally, Patterson can maintain attention and concentration for eight hours with normal breaks for tasks involving short and simple instructions. Id.

The ALJ determined that Patterson was unable to return to any of her past relevant work, but that she could perform jobs that exist in significant numbers in the national economy, such as telephone clerk, addressing clerk, and charge-account clerk. R. 22–23. Thus, the ALJ concluded that Patterson was not disabled. R. 24. Patterson appealed the ALJ's decision and the Appeals Council denied her request for review on October 8, 2014. R. 1–3. This appeal followed.

## ANALYSIS

### A. Testimony from Previous Vocational Expert

The ALJ had the benefit of a vocational expert ("VE") at the hearing held on July 23, 2013. At the hearing, the ALJ did not ask the VE to make an independent assessment of Patterson's ability to return to her previous work or what jobs she could do given her RFC. Instead, the ALJ simply characterized the testimony of the VE at the hearing held two years earlier and asked the VE if he agreed with that previous testimony. Specifically, the ALJ asked the VE if he agreed with the conclusion previously that Patterson could not return to her past relevant work. He did. Likewise, the VE was asked whether he agreed that Patterson could work in the occupations previously identified by the VE, and if the number of jobs which existed two years earlier would still be valid. The VE did not disagree with the previous testimony, but said that he would have looked at different jobs, and admitted that he had not investigated the number of jobs available. Nevertheless, he thought the numbers were "generally" correct.

4

Patterson asserts that the ALJ erred by adopting the testimony of the VE at the September 2011 hearing which was part of the second application for benefits. Patterson argues that, contrary to the ALJ's finding, the VE who testified at the July 2013 hearing ("current VE") did not support the testimony of the VE from the September 2011 hearing ("previous VE") regarding whether Patterson can perform other work that exists in significant numbers in the national economy.[4] Patterson also complains that the ALJ erred in relying on VE testimony which is outside the record before this court. Pl.'s Br. at 14, Dkt. No. 15.

In his October 2013 opinion, the ALJ states that he "adopts the previous [VE] testimony from two years ago and with support of those jobs updated by [the current VE]." R. 23. The ALJ further states that "the [current VE] testified that given [the claimant's age, education, work experience, and RFC] the individual would be able to perform the requirements of representative occupations with approximately that number of jobs identified by previous VE such as [telephone clerk, addressing clerk, and charge–account clerk]." Id. However, review of the hearing testimony shows that, of those jobs identified by the previous VE, the current VE could not verify the number currently available, and, in fact, indicated that he would likely identify different jobs. R. 58–59. Moreover, the ALJ never presented the current VE with a clear hypothetical, and instead simply referred to the hypothetical he had presented to the previous VE as a "range of sedentary." This presents a two-fold problem. First, the ALJ's conclusion does not have sufficient evidentiary support because the current VE was unable to confirm that the jobs provided by the previous VE existed in significant number in the national economy. Second, the court is unable to determine whether the ALJ's RFC and disability decision is supported by substantial evidence, as the transcript of the 2011 hearing was not filed with the court.

---

[4] Following the September 7, 2011 hearing, ALJ Scruton issued an opinion dated October 28, 2011, finding Patterson not disabled. R. 84–98. The October 2011 opinion is part of the record; however, the transcript of the September 2011 hearing is not.

5

The hearing testimony from July 2013 was as follows:

ALJ: [T]he last time we had a hearing, two years ago, the [VE] that day identified jobs in response to my hypothetical, such as [telephone clerk, addressing clerk, and charge account clerk]. And on the first [] occupation, it was indicated there were . . . approximately 29,000 jobs in Virginia, and more than a million in the national economy. Would you be able to agree with that, or do you have enough information or don't know?

VE: I don't have numbers . . . for those jobs, your honor, but they sound generally within range.

ALJ: Okay, and so –

VE: It was the – just the sedentary RFC, correct?

ALJ: It was a range of sedentary.

VE: Okay.

ALJ: And I'll – I may pose that. I wanted to check on the existence of these jobs in particular here. So you don't know for sure what the existence of the jobs in those categories would be?

VE: Right, I would probably have different jobs.

ALJ: I think before I pose a different hypothetical, I think – [] I would like to get that [psychological consultative examination].

R. 58–59.

The Regulations make clear that the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c). In this case, because the ALJ determined that [Patterson] cannot perform her past relevant work, the burden of proof shifted to the Commissioner to establish that there is other work she could perform. <u>Walls v. Barnhart</u>, 296 F.3d 287, 290 (4th Cir. 2002); 20 C.F.R. §§ 404.1560(c), 404.1520(a)(4)(v) (An ALJ can only find a claimant not disabled at step five of the analysis if the Commissioner proves that the claimant can perform other work that "exist[s] in significant numbers in the national economy."). Thus, the VE must testify regarding how many positions

6

exist that would meet Patterson's RFC and only if there are a sufficient number of these positions, can the ALJ properly find Patterson not disabled. See Pearson v. Colvin, 810 F.3d 204, 211 (4th Cir. 2015).[5]

I recognize that a number of courts, including Judge Kiser in the Western District of Virginia, have found that an ALJ's reliance on the VE testimony from a prior appeal was proper when the ALJ's present RFC was the "same exact" RFC as that determined in the prior case. See Hylton v. Colvin, No. 4:13cv67, 2015 U.S. Dist. LEXIS 92850, at *19 (W.D. Va. July 17, 2015) (collecting cases); Patton v. Astrue, 2013 U.S. Dist. LEXIS 21674, at * 11-12, 2013 WL 459771, at *3 (D. Md. Feb. 4, 2013) quoting McKnight v. Astrue, 2008 U.S. Dist. LEXIS 82456, at *26, 2008 WL 4387114, at * 9 (W.D. La. August 15, 2008) (rejecting claimant's argument that the ALJ cannot rely on [VE] testimony from a prior hearing because it did not take into account a changed labor market and noting that "there is no indication that the incidence of these jobs materially declined during the . . . period between the [VE's] opinion and the ALJ's subsequent decision."); Byrd v. Astrue, No. 3:07cv121, 2008 U.S. Dist. LEXIS 114064 (E.D. Tenn. Feb. 12, 2008) (rejecting claimant's argument that the ALJ erred in relying on previous VE testimony when the claimant's RFC had not changed since the prior decision); Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996); Paulson v. Astrue, 368 F. App'x 758, 760 (9th Cir. 2010) (holding that ALJ properly relied on the VE testimony from a prior hearing based on an essentially identical RFC assessment). What distinguishes the instant case is the ALJ's

---

[5] In Pearson, the VE had testified that the claimant was not disabled because he could perform three occupations available in sufficient numbers in the national economy. Id. at 210. However, the DOT listed frequent reaching as a requirement for all three occupations, and the ALJ had found that the claimant could only occasionally reach upward with his nondominant arm. The Fourth Circuit found that the VE's testimony conflicted with the DOT and remanded so that the VE could testify regarding whether a sufficient number of positions existed in the national economy that do not require frequent bilateral overhead reaching. Noting that an "ALJ can only find a claimant not disabled at step five of the analysis if the Commissioner proves that the claimant can perform other work that 'exist[s] in significant numbers in the national economy'" the Fourth Circuit emphasized that the "the number of positions in the national economy [that do not require frequent bilateral overhead reaching] matters." Id. at 211.

7

mischaracterization of the testimony of the current VE, overstating his support for the ALJ's findings, and having nothing in the record to show that the hypothetical questions presented to the VE in 2011 are consistent with the RFC and Patterson's functional limitations in 2013.

A careful review of the VE's testimony shows that he never concluded that a person having the same RFC as Patterson could perform the jobs identified by the previous VE, or that those jobs existed in significant numbers in the national economy in 2013. The ALJ never posed a hypothetical to the current VE, but merely asked if jobs identified by a previous VE still existed at certain levels in the state and national economy. The current VE equivocated in his response, stating that while the numbers for the provided jobs sounded "generally within range" he did not know for sure what the existence of the jobs in those categories would be and, in fact, would probably have different jobs. R. 58–59. See Smith v. Astrue, No. 7:07cv314, 2008 U.S. Dist. LEXIS 43122, at *18–19, 2008 WL 2225846, at *7 (W.D. Va. May 27, 2008) (case reversed and remanded for calculation of benefit payment when, in response to the ALJ's hypothetical, the VE equivocated regarding whether any jobs were available to a person with claimant's RFC); see also Kepp v. Astrue, No. 1:10cv542, 2011 U.S. Dist. LEXIS 87358, at *21–22, 2011 WL 3440078, at *8 (S.D. Ohio July 6, 2011) (noting that "absent some evidence in the record that relevant jobs continue to exist" the court is unwilling to draw such a conclusion, and stating, "Considering changes in the economy over time, the proposition that prior [VE] testimony concerning the existence of jobs at an earlier time should presumptively bind the parties into the future is less convincing than the proposition that an earlier RFC should be binding."); Hansen v. Astrue, 2011 U.S. Dist. LEXIS 89312, at *9–10, 2011 WL 3511474, at *4 (E.D. Wash. Aug. 11, 2011) (noting that "previous [VE] testimony is not evidence in this case" and finding that the ALJ erred in relying on [VE] testimony from other cases). Here, the

Commissioner simply did not meet her burden at step five to show that work exists in significant numbers in the national economy.

Remand is also appropriate because the ALJ relied on VE testimony from the 2011 hearing, which is outside the record before me. Section 42 U.S.C. § 405(g) requires "the Commissioner of Social Security . . . file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." The ALJ explicitly based his conclusion that Patterson is "capable of making a successful adjustment to other work that exists in significant number in that national economy" on VE testimony from the October 2011 hearing. R. 23 ("The undersigned adopts the previous [VE] testimony from two years ago and with the support of those jobs updated by present [VE]."). However, because the 2011 hearing transcript was not filed with the court, I cannot determine whether the ALJ's decision is supported by substantial evidence.[6] See Gebhart v. Astrue, No. 12cv1289, 2014 U.S. Dist. LEXIS 64732, at *69, 2014 WL 1891145, at *23 (D. Del. May 12, 2014) (noting that the ALJ must provide the basis for his conclusion on evidence found in the record and remanding on similar grounds).

Because I find that remand is warranted based on the ALJ's finding Patterson not disabled at step five, despite his failure to verify whether Patterson could perform other work that exists in significant numbers in the national economy, Patterson's additional allegations of error will not be addressed. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). However, upon remand, the Commissioner should take into consideration Patterson's remaining allegations of

---

[6] Like the instant case, the administrative record in Hylton also did not contain a transcript from the previous hearing. Hylton v. Colvin, No. 4:13cv67, 2015 U.S. Dist. LEXIS 14879, at *7 n.4 (W.D. Va. Feb. 9, 2015). However, the plaintiff in Hylton did "not challenge the [previous ALJ's] assessment of her past relevant work or the [current ALJ's] reliance on those prior findings." Instead, the plaintiff argued that the previous ALJ's hypothetical was inadequate because the current ALJ found additional severe medical impairments. Id. at *37.

9

error, including that the ALJ erred by: (1) improperly discounting the opinion of her treating physician, Lindsay H. Sherrard, M.D., dated January 2, 2012, and by failing to address Dr. Sherrard's opinions dated August 3, 2012 and August 20, 2012; (2) failing to properly consider the reviewing source opinion from Michael Hartman, M.D. by affording his opinion great weight, but not including his limitation of occasional overhead reaching in the RFC; and (3) giving great weight to the ALJ's previous decision dated October 28, 2011.

## CONCLUSION

For the foregoing reasons, Patterson's Motion for Summary Judgment is **GRANTED IN PART** and the Commissioner's Motion for Summary Judgment is **DENIED** and this case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Opinion.

Entered:  August 1, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge